UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN C. OSEMENE,<br><br>              Plaintiff,<br>    v.<br><br>NATURE'S LANDING OWNERS ASSOCIATION, et al.,<br><br>              Defendants. | CASE NO. C20-1173JLR<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Before the court is *pro se* Plaintiff Justin C. Osemene's motion for a temporary restraining order ("TRO"). (Mot. (Dkt. # 10).) Defendants Nature's Landing Owners Association, Agynbyte LLC, Corey Recla, Jane Doe Recla, Brian McLean, and Jane Doe McLean (together, "Defendants") oppose the motion. (*See* Resp. (Dkt. # 12).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

//

ORDER - 1

1   Federal Rule of Civil Procedure 65 empowers the court to issue a TRO.  Fed. R.
2   Civ. P. 65.  A plaintiff seeking a TRO in federal court must meet the standards for issuing
3   a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d
4   832, 839 n.7 (9th Cir. 2001).  Accordingly, Mr. Osemene must establish that (1) he is
5   likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of
6   preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in
7   the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

8   Based on the evidence and arguments currently before the court, Mr. Osemene has
9   not met the *Winter* standard for issuing a temporary restraining order or preliminary
10  injunction.  *See id.*  Mr. Osemene's motion for a TRO outlines the factual background of
11  his dispute with Defendants (*see* Mot. ¶¶ 1-20), and makes clear that he seeks an order
12  from the court that "reinstate[s] title of the subject real property in his name so as [to]
13  enable him to assume the mortgage loan payment on his residence pending the full[]
14  hearing and adjudication of the respective merits in the complaint and defense of the
15  respective litigants in this matter current pending before this court" (*see id.* ¶ 22).
16  However, on the merits of his request for a TRO, Mr. Osemene offers only conclusory
17  arguments and generalized statutory citations.  (*See, e.g.*, *id.* ¶ 23 ("Furthermore, based
18  on the underling [*sic*] facts and legal claims in this action before the [c]ourt, there is a
19  substantial likelihood that Plaintiff will establish at trial that his United States
20  Constitutionally protected rights under both the Federal and State of Washington's
21  Constitution have been violated and are continuing to be violated by the acts, actions and
22  conducts [*sic*] of the Defendants as averred in the filed Complaint current[ly] before the

[c]ourt."), ¶ 28 ("Granting the requested preliminary relief will serve the public interest.").)  Outside of these blanket assertions, Mr. Osemene fails to explain in any detail why he has a substantial likelihood of success on the merits, why he will suffer irreparable injury absent an injunction, or why the balance of the equities and public interest tip in his favor.  *See Winter*, 555 U.S. at 20.

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 24.  Mr. Osemene's threadbare legal arguments fall well short of making that showing on any of the *Winter* factors.  The court therefore DENIES Mr. Osemene's motion for a TRO (Dkt. # 10).[1]

Dated this 4th day of September, 2020.

JAMES L. ROBART
United States District Judge

---

[1] Because the court denies Mr. Osemene's motion on the merits and finds that Mr. Osemene's allegations are insufficient to establish an entitlement to a TRO, the court DENIES as moot Defendants' motion to strike Mr. Osemene's affidavit.  (*See* Resp. at 9-11.)