UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN C. OSEMENE,

                    Plaintiff,

        v.

NATURE'S LANDING OWNER'S
ASSOCIATION, et al.,

                    Defendant.

CASE NO. 2:20-CV-1173-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: December 11, 2020

The District Court referred this action to United States Magistrate Judge David W.

Christel. Dkt. 15. Currently before the Court is Defendants Nature's Landing Owners Association

(the "Association"), Agynbyte LLC, Corey Recla, Jane Doe Recla, Brian McLean, and Jane Doe

McLean's Motion to Dismiss for Failure to State a Claim ("Motion"). Dkt. 8. After review of the

relevant record, the Court concludes Defendants' Motion to Dismiss is meritorious.

Accordingly, the undersigned recommends Defendant's Motion to Dismiss (Dkt. 8) be granted

and this case be closed.

REPORT AND RECOMMENDATION - 1

1

## I.    Background

2        On August 2, 2020, Plaintiff filed a Complaint against Defendants, alleging multiple civil

3   rights violations, wrongful foreclosure of his home, conspiracy to violate and deprive him of

4   constitutionally protected rights, and violation of the Fair Housing Act, among other claims. Dkt.

5   1. In March 2017, after Plaintiff was delinquent on his homeowners' association ("HOA") fees,

6   the Association began a foreclosure proceeding against Plaintiff in state court. Dkt. 1, pp. 15-16;

7   Dkt. 8, p. 2. Plaintiff brought several counterclaims against the Association asserting

8   discrimination under both state and federal law. *Id*. Plaintiff went on to file an additional lawsuit

9   in state court, again alleging discrimination. *Id*. All of Plaintiff's claims in state court were

10  dismissed and the foreclosure was allowed to proceed. Dkt. 8, p. 2. Plaintiff now brings this suit

11  in federal court, asserting a variety of state and federal claims against Defendants. Dkt. 1.

12  Defendants filed their Motion on August 28, 2020. Dkt. 8. Plaintiff has not submitted a response

13  to Defendants' Motion. *See* Docket. Defendants filed a Reply on September 25, 2020. Dkt. 18.

14

## II.    Legal Standard

15       A defendant may move for dismissal when a plaintiff "fails to state a claim upon which

16  relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be

17  able to conclude that the moving party is entitled to judgment as a matter of law, even after

18  accepting all factual allegations in the complaint as true and construing them in the light most

19  favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To

20  survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of

21  action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial

22  plausibility" when the party seeking relief "pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

24

1   *Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-

2   pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an

3   otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir.

4   2007).

5        **III.    Judicial Notice**

6        The Court may take judicial notice of court filings and public records filed in other court

7   proceedings. *Mayhoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014) ("The Court

8   may take judicial notice of 'proceedings in other courts, both within and without the federal

9   judicial system, if those proceedings have a direct relation to matters at issue.'"). Additionally,

10  the Court may take judicial notice of publicly recorded documents associated with real property

11  in connection to foreclosure proceedings. *Petheram v. Wells Fargo Bank*, 2013 WL 4761049, at

12  *1 n.1 (W.D. Wash. Sept. 3, 2013); *Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 4514333,

13  at *3 (W.D. Wash. Oct. 2, 2012) (taking judicial notice of mortgage notes and deeds of trust).

14  This Court finds documents contained in Plaintiff's past state court claims bear directly on

15  Plaintiff's claims in the present case. *See Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d

16  1030, 1040 (C.D. Cal. 2015) (on a motion to dismiss, judicial notice taken of all properly

17  recorded documents, because they "bear directly on [plaintiff's] allegations and claims").

18  Therefore, this Court takes judicial notice of Exhibits A through L located at Docket Entry 9 and

19  will consider the exhibits in ruling on the Motion.

20       **IV.    Discussion**

21       In their Motion, Defendants assert this Court does not have jurisdiction over Plaintiff's

22  claims because they were already dismissed in state court, and are thus barred from relitigation in

23  subsequent proceedings. Dkt. 8, pp. 8-9. Defendants further assert Plaintiff's Fair Trade

24

1  Collection Act claim should be dismissed because there is no private right of action allowed by

2  the Fair Trade Collection Act. *Id*. at 21. Because no legitimate federal claims remain, Defendants

3  assert Plaintiff's complaint should be dismissed pursuant to FRCP 12(b)(1) and 12(b)(6). Dkt. 8,

4  pp. 22-24.

5      A.  *Factual Background*

6      Taking the facts as alleged in the Complaint as true, Plaintiff was a longtime homeowner

7  in Nature's Landing Estate, located in Mill Creek, Washington. Dkt. 1, p. 2. Plaintiff had paid his

8  monthly HOA fees on time since 2005. *Id*. at 6. In September 2015, Plaintiff lost his job while

9  working towards his MBA at the University of Washington, which caused him to fall behind on

10  his monthly HOA fees for a period of three months. *Id*. By October 2016, Plaintiff owed

11  approximately $3,183 in HOA fees and had been contacted by Agynbyte, a property

12  management company hired by the Association. *Id*. In February 2017, Plaintiff received a letter

13  from Pody and McDonald, a law firm hired and authorized to pursue legal action to foreclose on

14  a lien of Plaintiff's property. *Id*. at 7-8. Despite several attempts to discuss his HOA fees with the

15  HOA board and to arrange a payment plan, Plaintiff was served with a state court summons and

16  complaint in May 2017. *Id*. at 11. Plaintiff filed an answer as well as a counterclaim in June

17  2017, asserting several civil rights violations. *Id*. Defendants retained the law firm Forsberg &

18  Umlauf to defend against Plaintiff's counterclaims. *Id*. at 12.

19      Plaintiff attempted to pay off the remaining HOA fees in full with money loaned to him

20  by family and friends, which was ultimately denied. *Id*. at 14. After the Snohomish County

21  Superior Court granted Defendants' motion for summary judgment, an attorney from Forsberg &

22  Umlauf named Christopher Matheson approached Plaintiff and expressed an interest in

23  discussing settlement options with Plaintiff. *Id*. at 16. The two ultimately agreed that "[t]he HOA

24

REPORT AND RECOMMENDATION - 4

1  is willing to accept [Plaintiff's] $3,500 offer if it [was] paid in four monthly installments

2  beginning July 16, 2018." *Id*. at 18. On July 12, 2018, Mr. Matheson sent an email withdrawing

3  the settlement offer because the HOA had not yet received Plaintiff's July 2018 payment. *Id*. at

4  19. Plaintiff replied and argued that the HOA fees are always due "on or before the 15th of each

5  month" and claimed Defendants were withdrawing the offer in bad faith. *Id*. at 19. In February

6  2020, Plaintiff's property was foreclosed. *Id*. at 26-27.

7  　　　　B.  *Analysis*

8  　　　　Plaintiff did not file a response in opposition to Defendants' Motion to Dismiss. *See*

9  *generally* Docket. Pursuant to this Court's Local Rules, Plaintiff's failure "to file papers in

10 opposition to a motion ... may be considered by the court as an admission that the motion has

11 merit." *See* Local Civil Rule ("LCR") 7(b)(2). Plaintiff's opposition to the Motion to Dismiss

12 was due on or before September 21, 2020. *See* Dkt. 9. As Plaintiff has not opposed Defendants'

13 Motion to Dismiss, the Court finds that Plaintiff has admitted the Motion has substantial merit

14 and should be granted.

15 　　　　Moreover, the Court finds Defendants' Motion is meritorious. Plaintiff's Complaint

16 contains five claims of federal law violations: (1) a violation of 42 U.S.C. § 1985(3) (Plaintiff's

17 First Cause of Action); (2) conspiracy to violate and deprive Plaintiff of constitutionally

18 protected rights (Plaintiff's Second Cause of Action); (3) a violation of the Fair Housing Act

19 (Plaintiff's Seventh Cause of Action); (4) a violation of the Fair Debt Collection Practices Act

20 (Plaintiff's Tenth Cause of Action); and (5) a violation of the Fair Trade Commission Act

21 (discussed in Plaintiff's Tenth Cause of Action). *See* Dkt. 1. The Court agrees with Defendants'

22 assertion that Plaintiff's federal claims are barred by res judicata and collateral estoppel because

23 they were previously litigated and dismissed in state court. *See* Dkt. 8, *Matheson Decl.*, Exhibit

24

1   J. Plaintiff's federal causes of action in this case (the First, Second, Seventh, and Tenth Causes of

2   Action), were either discussed by Plaintiff in prior state court lawsuits or were identical to claims

3   he brought in state court. *See id.*; *id.* at Exhibit D, p. 8; Exhibit G, p. 4. The state court dismissed

4   these claims. *Id.* at Exhibit J; Exhibit K. Therefore, these claims are barred from re-litigation by

5   res judicata. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)

6   (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)) ("Res

7   judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that

8   were raised or could have been raised in the prior action").

9        Additionally, the issues raised in these four causes of action are barred by collateral

10   estoppel because the state court has already ruled in favor of Defendants. *Id.* at Exhibit F; ¶ 12;

11   Exhibit J; Exhibit K; *see Busey v. Wells Fargo Bank NA*, No. 19-5880, 2019 WL 5425505, at *6

12   (W.D. Wash. Oct. 23, 2019) (quoting *Barr v. Day*, 124 Wash. 2d 318, 324–25 (1994) (internal

13   quotation marks and citations omitted)) ("'Collateral estoppel, also known as issue preclusion,

14   prevents relitigation of an issue after the party estopped has had a full and fair opportunity to

15   present its case'").

16        Lastly, Plaintiff's assertion in the Tenth Cause of Action that Defendants violated the Fair

17   Trade Collection Act is improper because the Fair Trade Collection Act does not allow for a

18   private right of action. *See Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973). Thus,

19   this claim is procedurally improper and has no merit.

20        For the reasons discussed above, the Court has determined Plaintiff's federal claims must

21   be dismissed. Therefore, the only remaining claims raised in the Complaint are Plaintiff's state

22   law claims. *See* Dkt. 1. A district court may exercise supplemental jurisdiction over state law

23   claims arising from the same set of operative facts that supports a federal claim. *See Carlsbad*

24

1   *Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a), (c)); *Artis*

2   *v. District of Columbia*, 138 S.Ct. 594 (2018). However, "the federal court should decline the

3   exercise of jurisdiction" when "the federal-law claims have dropped out of the lawsuit in its early

4   stages and only state-law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343,

5   350 (1988); *see also* 28 U.S.C. § 1367(c).

6          As stated above, the Court finds Plaintiff's federal claims are either barred from

7   relitigation by res judicata and collateral estoppel or are procedurally improper. As there are no

8   federal claims remaining, the Court finds it appropriate to decline the exercise of supplemental

9   jurisdiction over Plaintiff's remaining state law claims. Accordingly, because the Court

10  recommends all of Plaintiff's federal claims be dismissed, the Court recommends dismissal of

11  Plaintiff's state law claims without prejudice for lack of supplemental jurisdiction.

12         **V.      Conclusion**

13         For the above stated reasons, the Court recommends Defendants' Motion to Dismiss

14  (Dkt. 8) be granted and this case be closed.

15         Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

16  shall have fourteen (14) days from service of this Report to file written objections. *See also* FED.

17  R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

18  *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time

19  limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for

20  consideration on December 11, 2020, as noted in the caption.

21         Dated this 25th day of November, 2020.

22

23  _____

    David W. Christel
24  United States Magistrate Judge

REPORT AND RECOMMENDATION - 7